UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DEBORAH DELAVERN,                                :
                                                 :   Case No. 10-cv-116
                    Plaintiff,                   :
                                                 :   **ANSWER OF**
         v.                                      :   **DEFENDANT BOSTON**
                                                 :   **SCIENTIFIC**
BOSTON SCIENTIFIC CORPORATION                    :   **CORPORATION**
                                                 :
                    Defendant.                   :
------------------------------------------------------------------------ x

      Defendant Boston Scientific Corporation ("Boston Scientific") as and for its answer and affirmative defenses to the Complaint of Plaintiff Deborah Delavern pleads as follows:

      1.  Boston Scientific admits that it is a Delaware corporation, is authorized to do business in New York, and has a place of business at One Boston Scientific Place, Natick, Massachusetts, and otherwise denies the remaining allegations contained in paragraph 1 of the Complaint.

      2.  Boston Scientific denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.

      3.  Boston Scientific denies the allegations contained in paragraph 3.

      4.  Boston Scientific denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

      5.  Boston Scientific denies the allegations contained in paragraph 5.

**SECOND CAUSE OF ACTION**

      6.  Boston Scientific realleges and reincorporates its responses to paragraphs 1 through 5 as if fully set forth herein.

7. Boston Scientific denies the allegations contained in paragraph 7.

8. Boston Scientific denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9. Boston Scientific denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

## THIRD CAUSE OF ACTION

10. Boston Scientific realleges and reincorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

11. Boston Scientific denies the allegations contained in paragraph 11.

12. Boston Scientific denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.

## DEFENSES

1. By alleging the defenses set forth below, Boston Scientific does not admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's injuries and damages, if any, were caused by or contributed to by the acts and failures to act of persons or entities other than Boston Scientific and for whom Boston Scientific cannot be held liable.

4. Plaintiff's injuries, damages and/or losses, if any, were proximately caused by the negligence and/or fault of Plaintiff and Boston Scientific is entitled to an allocation of Plaintiff's damages, if any, in accordance with Article 14-A of the New York CPLR.

5. Plaintiff's claims are barred, in whole or in part, pursuant to 21 U.S.C. § 360k(a), and because Plaintiff's claims are in conflict with the Food Drug & Cosmetic Act, 21 U.S.C. § 301 et seq., and regulations promulgated by the United States Food and Drug

Administration ("FDA") thereunder. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the, United States Constitution, Article VI, clause 2, and/or the laws of the United States.

6. Plaintiff's claims are barred by the "Learned Intermediary" or "Informed Intermediary" doctrine which relieves manufactures from the responsibility to provide certain information directly to patients.

7. Boston Scientific is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages if Plaintiff receives a verdict against Boston Scientific.

8. Should Boston Scientific be held liable to Plaintiff, which liability is specifically denied, Boston Scientific would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in the Complaint.

9. In the event that Plaintiff recovers a verdict or judgment against Boston Scientific then, pursuant to CPLR 4545(c), said verdict or judgment must be reduced by those amounts which have been paid or indemnified or will, with reasonable certainty, be paid or indemnified to Plaintiff, in whole or in part, from any collateral source including insurance, social security, workers compensation or employee benefit programs, for the cost of any medical care, dental care, custodial care, or rehabilitation services, or for any loss of earnings or other economic loss.

10. Boston Scientific invokes the provisions of Article 50-B of the New York CPLR.

11. Boston Scientific specifically reserves the right to amend its Answer, including the assertion of additional affirmative defenses, as discovery and information warrant.

WHEREFORE, Boston Scientific prays as follows:

a. Plaintiff takes nothing by way of her Complaint;

b. For attorneys fees and costs as permitted by law; and

c. Any such further relief as the Court may deem just and proper.

Dated: February 12, 2010
Buffalo, New York

KAYE SCHOLER LLP
James D .Herschlein
Angela R. Vicari
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000
Fax. (212) 836-6495
avicari@kayescholer.com

*Of Counsel*

HARRIS BEACH PLLC

By:   /s/ Teresa Brophy Bair
Teresa Brophy Bair

726 Exchange St., Suite 1000
Buffalo, New York 14210
Tel: (716) 200-5124
Fax: (716) 200-5215
tbair@harrisbeach.com

*Attorneys for Defendant Boston Scientific Corporation*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DEBORAH DELAVERN,                                  :
                                                   :  Case No. 10-cv-116
                    Plaintiff,                     :
                                                   :  **CERTIFICATE OF**
           v.                                      :  **SERVICE**
                                                   :
BOSTON SCIENTIFIC CORPORATION                      :
                                                   :
                    Defendant.                     :
------------------------------------------------------------------- x

I, Teresa Brophy Bair, declare that the foregoing Answer was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notice the following CM/ECF participants in this case:

BROWN CHIARI LLP
Theresa M. Walsh, Esq.
*Attorneys for Plaintiff*
5775 Broadway
Lancaster, New York 14086
twalsh@brownchiari.com

Dated: February 12, 2010

                                    /s/ Teresa Brophy Bair
                                    Teresa Brophy Bair

HBROC-#1329537-v1-Delavern___BSC___Answer.DOC        5